UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ALTON THOMAS** | **CASE NO. 6:18-CV-00586** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **GREAT WEST CASUALTY CO ET AL** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Leave of Court to File First Supplemental and Amended Complaint and for Remand filed on behalf of Plaintiffs in which they seek leave to amend their Petition to add a non-diverse defendant. (Rec. Doc. 23). Defendants, Great West Casualty Company, Indian River Transport, Co., Clinton K. Hall, and Geico, oppose the Motion (Rec. Doc. 25 and 26), and Plaintiffs have replied (Rec. Doc. 27). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Court recommends that the Motion be granted and that the matter be remanded to state court.

### Factual Background

Plaintiffs filed this lawsuit following an automobile accident on Interstate 10 East in Acadia Parish, Louisiana on March 20, 2017. According to the Petition,

Bertha Wilson was driving in the right lane of I-10 East behind a vehicle driven by Robert Vinet in the left lane of I-10 East. Plaintiffs contend in their Motion to Amend that an ice chest became dislodged from Vinet's vehicle, and that he veered right in an attempt to maneuver his vehicle to the shoulder of the roadway. (Rec. Doc. 23-2, at 2).[1] Thereafter, an eighteen-wheeler operated by Clinton Hall, owned by Indian River, and insured by Great West, struck the rear of the Wilson vehicle.

Wilson and Alton Thomas, on behalf of Wilson's minor children, initially filed this suit in Acadia Parish against Hall, Indian River, Great West, and Geico as Wilson's uninsured motorist carrier. Defendants removed. (Rec. Doc. 1) Hall is a Texas domiciliary; Indian River is a Florida corporation with its principal place of business in Florida; and Great West is an insurance company incorporated and with its principal place of business in Nebraska. (Rec. Doc. 1, ¶VII-VIII). Geico is a Maryland corporation with its principal place of business in Washington, D.C. (Rec. Doc. 1, ¶IX).

The parties submitted their joint Rule 26(f) report in December 2018. Contained in Defendants' submissions is the statement, "in the alternative, it is Defendants' position that the accident was caused by the fault of Robert Vinet, who

---

[1] Plaintiffs' proposed Amended Petition states that Vinet "changed lanes and entered the right hand lane of travel of I-10 East in front of the Wilson vehicle, causing the Wilson vehicle to slow down…" Rec. Doc. 23-1, ¶4. The proposed Amended Petition says nothing about the dislodged ice chest.

2

was operating a vehicle in front of plaintiff's vehicle in a careless manner and in doing so, created a sudden emergency situation that caused the subject accident." (Rec. Doc. 20, at 2). Thereafter, on March 13, 2018, Plaintiffs filed the Motion to Amend their Petition at issue seeking to name Vinet and his insurer, GoAuto Insurance Company, as defendants. Plaintiff alleges that Vinet is a Louisiana domiciliary and that GoAuto is a domestic insurance company in Louisiana. (Rec. Doc. 23-1). Plaintiffs contend that they should be permitted to name Vinet and GoAuto as potentially liable parties, which would thus destroy diversity and mandate remand. Hall, Indian River, and Great West oppose the Motion to Amend on the grounds that Vinet has not yet been served. (Rec. Doc. 25). Geico opposes the Motion on the grounds that the proposed amendment is untimely, improperly intended to destroy jurisdiction, and futile since the claims sought to be added are time-barred. (Rec. Doc. 26).

## **Applicable Law**

This is a diversity case under 28 U.S.C. §1332. As set forth in Defendants' Notice of Removal, Plaintiffs (Louisiana citizens) are diverse from Defendants, and the amount in controversy exceeds $75,000. (See Rec. Doc. 1). If Plaintiffs are permitted to amend their Petition to name Vinet (a Louisiana domiciliary) and his insurer, GoAuto (a Louisiana insurer), as defendants, the diversity requirement of §1332 is no longer satisfied, and this Court loses jurisdiction.

3

Typically, amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a), which states that leave to amend "shall be freely given when justice so requires." However, in removed cases, a district court has discretion to either grant or deny the amendment of a complaint when subject-matter jurisdiction is based on diversity, and the plaintiff seeks to amend the complaint to add a nondiverse party. 28 U.S.C. § 1447(e); *Schindler v. Charles Schwab & Co., Inc.*, 2005 WL 1155862, *2 (E.D. La. 2005) (citing *Ascension Enterprises, Inc. v. Allied Signal, Inc.*, 969 F.Supp. 359, 360 (M.D. La. 1997)). See also *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 476 (5th Cir. 2001). Thus, when faced with a motion to amend a complaint to add a nondiverse defendant in a removed case, federal courts are required to scrutinize the proposed amendment more closely than they would other proposed amendments. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Deciding whether to permit an amendment that would destroy the court's subject-matter jurisdiction requires a balancing of the diverse defendant's interest in retaining the federal forum with the plaintiff's competing interests. *Id*. In such a situation, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The decision of whether to deny joinder or permit joinder and remand is within the discretion of the district court. *Hengrens*, 833 at 1182.

In *Hensgens v. Deere & Co.*, the Fifth Circuit identified four factors that should be considered in deciding whether to permit an diversity-destroying amendment: (1) whether the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff was dilatory in requesting the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) whether any other factors bear on the equities. *Id*. The Court will address each factor in turn.

### 1. **Whether the purpose of the amendment is to defeat federal jurisdiction.**

In analyzing the first *Hensgens* factor, courts consider whether the plaintiff knew the identity of the non-diverse defendant when the state court complaint was filed and whether the plaintiff has stated a valid claim against the nondiverse defendant. See, e.g., *Fontenot v. Johnson & Johnson*, No. 10-CV-162, 2012 WL 2064722, at *4 (W.D. La. Apr. 13, 2012), *report and recommendations adopted*, 2012 WL 2064848 (W.D. La. June 5, 2012); *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 726 (S.D. Tex. 2016). A plaintiff's possession of a valid claim suggests that the purpose of a proposed amendment is not to defeat diversity. See *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *Allen v. Walmart Stores, L.L.C.,* 907 F.3d 170, 186 (5th Cir. 2018). However, the plaintiff's knowledge of the nondiverse defendant's identity upon initially filing suit in state court, yet failure to name him as a defendant at that time, suggests that the motion

to amend was intended to frustrate diversity jurisdiction. See *Martinez v. Holzknecht*, 701 F.Supp.2d 886, 889 (S.D.TX. March 15, 2010) (collecting cases).

The Court does not find that Plaintiffs' principal purpose in seeking to amend the suit was to defeat diversity jurisdiction. As Plaintiffs submit, they did not file their Motion to Amend until after Defendants submitted their Rule 26(f) report inserts affirmatively indicating for the first time that they intended to rely upon (at least alternatively) the fault of Vinet. Notably, Defendants did not raise Vinet's fault as an affirmative defense in their Answers. (See Rec. Doc. 6 and 10). Thus, although Plaintiffs knew about Vinet at the time of filing suit, they did not anticipate his purported liability to be an issue until Defendants raised it as a defense for the first time in their Rule 26(f) report inserts. Further, the Court is persuaded by Plaintiffs' contention that, had they wished to defeat jurisdiction, they would have sought leave to amend "long before the Rule 26(f) report was due." (Rec. Doc. 27).

Also relevant to the first *Hensgens* factor is the fact that Plaintiffs have stated a valid claim against Vinet for negligence. Plaintiffs' proposed Amended Complaint alleges that Vinet entered into Ms. Wilson's lane, causing her to slow down. (Rec. Doc. 23-1, ¶III.4). Considering these allegations in the light most favorable to Plaintiffs, this conceivably states a claim for negligence by which Vinet may be found liable to Plaintiffs. See e.g. *Brown v. Zurich Am. Ins. Co.,* No. CV 16-12207, 2018 WL 3374163, at *2 (E.D. La. July 11, 2018), citing *Brewer v. J.B. Hunt*

6

*Transport, Inc.*, 2009-1408, p. 15; 20-21; 241; 244 (La. 3/16/10); 35 So.3d 230, 241. ("[T]he Louisiana Supreme Court held that a leading motorist [who] changed lanes before ensuring that the movement would not endanger oncoming traffic shared fault with the following motorist that rear-ended him.") Indeed, Defendants' assertion of Vinet's fault in the Rule 26(f) report suggests that Plaintiffs have a viable claim against Vinet, and further belies Geico's contrary position taken in Opposition to the Motion to Amend. (Compare Rec. Doc. 20, at 2 and Rec. Doc. 26, at 5-6). Thus, this factor militates in favor of allowing the amendment.

Geico relies heavily upon *Darr v. Amerisure Ins. Co.*, wherein the Middle District of Louisiana denied the plaintiff's motion to amend to add a nondiverse defendant. The facts of *Darr* are similar, save two key distinctions. In *Darr*, the plaintiff initially sued a rear-ending driver in a multi-car collision. Less than one month after the defendants removed, the plaintiffs sought to amend the suit to name the driver who was stopped directly in front of the plaintiff prior to the collision. *Darr v. Amerisure Ins. Co.*, No. CV 16-232-JWD-EWD, 2016 WL 5110267, at *5 (M.D. La. Aug. 31, 2016), *report and recommendation adopted*, No. CV 16-232-JWD-EWD, 2016 WL 5110480 (M.D. La. Sept. 20, 2016).

The facts in *Darr* are distinguishable in that first, the plaintiff sought to amend almost immediately after removal, and second, the preceding driver who the plaintiff sought to add as a defendant was simply *stopped* ahead of plaintiff in traffic. These

7

facts weighed heavily in the court's finding that the plaintiff was attempting to improperly defeat diversity jurisdiction. Conversely, in the instant case, Plaintiffs did not seek to add Vinet until eleven months after removal, and then, only once it became evident that Defendants intended to rely upon the fault of Vinet. Further, Plaintiffs' claims against Vinet, as the preceding motorist who arguably failed to secure his load and maneuvered into Ms. Wilson's lane,[2] are considerably more viable than the *Darr* plaintiff's claims against the preceding motorist who was merely stopped in front of him.

## 2. Whether plaintiff was dilatory in requesting the amendment.

In analyzing the second *Hensgens* factor, courts often examine the amount of time between the initiation of the original state court action and the filing of the motion to amend as well as the amount of time between removal of the case to federal court and the filing of the motion to amend. *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 726-27 (S.D. Tex. 2016). In general, a plaintiff is not dilatory in seeking to amend his complaint if the trial has not yet been scheduled and no significant activity beyond the pleading stage has occurred. *Gallegos v. Safeco Ins. Co. of Indiana*, No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009). However, the analysis is different when the proposed amendment would

---

[2] See La. R.S. 32:383.

add a nondiverse defendant after removal and therefore defeat diversity jurisdiction. In that situation, a delay in making the request to amend of two months after filing the original complaint or thirty days after the notice of removal has been found dilatory. *Phillips v. Delta Air Lines, Inc*., 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001). See, also, e.g., *Tharpe v. Affinion Benefits Group, LLC*, No. B-18-22, 2018 WL 3352940, at *5 (S.D. Tex. May 22, 2018), report and recommendation adopted, 2018 WL 3348885 (S.D. Tex. July 9, 2018) (finding a dilatory delay when the amendment was filed more than two months after removal); see also *Wein v. Liberty Lloyds of Tex. Ins. Co*., No. 15–CV–19, 2015 WL 1275915, at *6 (W.D. Tex. Mar. 19, 2015) (noting that courts have found similar delays dilatory, especially where the plaintiff knew of the nondiverse defendant's role in the case at the time of filing in state court and yet failed to sue that defendant).

In this case, Plaintiffs sought to amend one year after filing the original Petition in state court, and approximately eleven months after Defendants removed. Plaintiffs justify their delay with the fact that they sought to amend after Defendants submitted their Rule 26(f) report inserts raising Vinet's fault for the first time. Plaintiffs did not file the Motion to Amend until three months after the Rule 26(f) report was filed. Therefore, the Court finds that Plaintiffs were dilatory in seeking to amend.

9

The Court is cognizant of *Hensgens'* seemingly incompatible treatment of time delays—the proverbial "Catch-22." On one hand, if the plaintiff seeks to amend too soon after the remand, he is at risk of a finding that he is seeking to improperly defeat diversity jurisdiction. On the other hand, the plaintiff is also at risk for seeking to amend too late, at the risk of being deemed dilatory. Weighing the equities as set forth in the fourth factor, further discussed below, this discrepancy is best resolved by resort to an analysis of prejudice. As such, the Court finds that Defendants are not prejudiced by Plaintiffs' delay. Trial is not until February 2020, and the deadline for amending pleadings is not until July 25, 2019. Likewise, discovery and subsequent deadlines are not imminent. (Rec. Doc. 19). Defendants have not asserted any significant grounds of prejudice.

### 3. **Whether the plaintiff will be significantly injured if the amendment is not allowed.**

The third *Hensgens* factor is whether the plaintiff will be significantly injured if the amendment is not allowed. In analyzing this factor, courts ask "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Lowe v. Singh*, No. H-10-1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010) (citation omitted). Therefore, "courts consider whether the already named diverse defendant would be unable to satisfy a future judgment." *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570, at *5. Considerations of cost, judicial efficiency, and potentially inconsistent results are also relevant in evaluating this factor. *Porter v. Times Group*,

No. 16-121-JJB-RLC, 2016 WL 8257692, at *6 (M.D. La. Nov. 4, 2016), report and recommendation adopted, 2017 WL 628296 (M.D. La. Feb. 15, 2017).

Plaintiffs seek to add a potentially liable third party. Vinet, as the potentially liable third-party, would be on the jury verdict form as a party to whom fault could be assigned. La. C.C.P art. 1812; *Sibley v. Lemaire*, 184 F.3d 481, 488 (5th Cir. 1999). If Plaintiffs were forced to sue Vinet in a separate suit, not only would that suit likely be prescribed under Louisiana's one-year prescriptive period for personal injury actions, but a separate suit (if allowed to proceed) risks the possibility of inconsistent judgments regarding the percentages of fault attributable to Vinet and Hall. Thus, the Court finds this factor weighs in favor of allowing the amendment.

### 4. Other equity factors.

Under the fourth *Hensgens* factor, a court must consider any other factors bearing on the equities. "Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum and… result in parallel state court proceedings…these factors are likely to be present whenever a plaintiff in a removed case seeks to add a nondiverse defendant." *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570 at *5 (internal citations omitted). In this case, Geico maintains as an additional consideration that the proposed amendment would be futile, since Plaintiffs' claims against Vinet would be prescribed. Plaintiffs maintain that the action against Vinet would not be

11

prescribed (such that the relation back rules are irrelevant), because Vinet is a joint tortfeasor with the other defendants. As such, Plaintiff argues that suit against Hall, Indian River, and Great West interrupted prescription as against Vinet and GoAuto.

F.R.C.P. Rule 15(c) sets forth the following scenarios under which an amendment will relate back to the original pleading:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out-- in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Louisiana's law on relation back is similar. Having considered federal law interpreting Rule 15(c) and Louisiana's applicable statute, La. C.C.P. art. 1153, the Louisiana Supreme Court "established [a four-part] criteria for determining whether article 1153 allows an amendment which adds or substitutes a defendant to relate back to the date of the filing of the original petition." *Giroir v. S. Louisiana Med. Ctr., Div. of Hosps.*, 475 So. 2d 1040, 1043 (La. 1985). However, the relation back

articles do not apply in the case of a joint tortfeasor sued after prescription has otherwise expired.

> [La.C.C.P. art. 1153] does not refer to parties, but to claims or actions. Louisiana Civil Code article 2324 provides that interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors. Thus, the addition of additional defendants in a suit will relate back to the date of the original if the defendants are joint tortfeasors.
>
> *Boquet ex rel. Billiot v. SWDI, LLC*, 2007-0738 (La. App. 1 Cir. 6/6/08), 992 So. 2d 1059, 1063, *writ denied sub nom. Boquet v. SWDI LLC,* 2008-2086 (La. 9/4/09), 17 So. 3d 958.

See also *Jones v. Iberia Par. Gov't*, 2018-34 (La. App. 3 Cir. 9/26/18), 257 So. 3d 198, 201, and the following federal cases reaching similar results: *Authement v. Wilkinson*, No. 1:16-CV-00151, 2017 WL 3510790, at *5 (W.D. La. July 11, 2017), *report and recommendation adopted,* No. 1:16-CV-00151, 2017 WL 3495741 (W.D. La. Aug. 14, 2017); *Evans v. Edwards*, No. CIV.A. 14-41, 2015 WL 3454737, at *4 (E.D. La. May 29, 2015); *Maronge v. Hunt Petroleum Co.,* No. CV 08-4959, 2009 WL 10680058, at *3 (E.D. La. Apr. 29, 2009).[3]

"When the plaintiff's basis for claiming interruption of prescription is that the newly added defendant is a joint tortfeasor with a defendant who was timely sued, then the plaintiff bears the burden of proving that joint tortfeasor status.

---

[3] Geico again relies on *Darr v. Amerisure Ins. Co*. for the proposition that the amendment would not relate back. Rec. Doc. 26, at 7. However, the court in *Darr* did not appear to consider the defendants' status as joint tort feasors. Therefore, this Court declines to follow *Darr*.

13

Additionally, the plaintiff will also bear the burden of establishing that prescription had been timely interrupted against a joint tortfeasor." *McKenzie v. Imperial Fire & Cas. Ins. Co.*, 2012-1648 (La. App. 1 Cir. 7/30/13), 122 So. 3d 42, 47, *writ denied*, 2013-2066 (La. 12/6/13), 129 So. 3d 534, citing *Wheat v. Nievar,* 2007–0680 (La.App. 1st Cir.2/8/08), 984 So.2d 773, 775.

Pursuant to La. C.C. art. 2324, it is axiomatic that multiple defendants in an automobile accident, where the plaintiff has alleged fault of each, are joint tortfeasors. Thus, Plaintiffs' timely suit against Hall interrupted prescription against Vinet. Geico's contention that amendment would be futile does not defeat Plaintiffs' Motion to Amend.

Finally, it is an equitable consideration that if Plaintiffs were not permitted to amend, the matter would proceed to trial with Vinet listed on the verdict form as a potentially at-fault party. This "empty chair" scenario places Plaintiffs at a disadvantage, one which can be remedied by allowing the amendment and remanding the case. Conversely, the defendants opposing the amendment and remand are not so disadvantaged, given the relatively liberal pending deadlines. (See Rec. Doc. 19). In that regard, Hall, Indian River, and Great West have objected to Plaintiffs' proposed amendment solely on the grounds that Plaintiffs have not served Vinet with the Amended Complaint. (Rec. Doc. 25). Notwithstanding that no service

is required of a pleading not yet filed,[4] these Defendants' lack of meaningful objection otherwise supports the Court's finding as an equitable decision.

## Conclusion

For the reasons discussed herein, it is recommended that Plaintiffs' Motion to Amend and Remand (Rec. Doc. 23) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

---

[4] Plaintiffs have not yet filed the amended Petition, because the Court has not yet granted Plaintiffs' Motion for Leave to file same. Accordingly, Great West, Indian River, and Hall's sole grounds of objection is, at least in the current procedural posture, meritless.

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

    THUS DONE in Chambers, Lafayette, Louisiana on this 3rd day of June, 2019.

                                                                                                                                   PATRICK J. HANNA